
FILED
IN OPEN COURT

JUN 10 2011

CL... U.S.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SHEET METAL CONTRACTORS )
ASSOCIATION OF NORTHERN )
NEW JERSEY, )
    )
    Plaintiff, )
    )
v. ) Civil Action No.: 1:11-cv-00012
    )
    )
LOCAL 25, SHEET METAL WORKERS )
INTERNATIONAL ASSOCIATION, )
    )
    Defendant. )

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant Sheet Metal Workers International Association's ("Local 25") Motion to Dismiss (Dkt. No. 12). Plaintiff Sheet Metal Contractors Association of Northern New Jersey ("the Contractors Association") initiated this action in federal court on January 6, 2011 (Dkt. No. 1). The Contractors Association seeks confirmation of the parties' collective bargaining agreement ("CBA") pursuant to the Federal Arbitration Act ("FAA"). Compl. ¶ 1. Defendant moves to dismiss for lack of venue. For the reasons stated in this Memorandum, the Court grants Defendant's Motion.

## ANALYSIS

The Contractors Association and Local 25, both based in New Jersey, were parties to a CBA covering June 1, 2009 through May 31, 2010. When the CBA expired, the parties failed to reach a new agreement. Article X, Section 8 of the expiring CBA provided that "[A]ny controversy or dispute arising out of the failure of the parties to negotiate a renewal of this

Agreement shall be ... submitted to the National Joint Adjustment Board .... The unanimous decision of said Board shall be final and binding ...." Compl., Ex. A. Pursuant to this provision, the parties entered into interest arbitration before the National Joint Adjustment Board ("NJAB"), which issued an award that constitutes the parties' current CBA. Compl. ¶¶ 6-9. NJAB is based in Chantilly, Virginia, but held the interest arbitration hearings in Indianapolis, Indiana. The Plaintiff filed this Complaint in the Eastern District of Virginia even though Defendant and Plaintiff are based in New Jersey, because NJAB is headquartered in this district, and the Plaintiff plans to subpoena a document from NJAB that is pertinent to this action. Local 25 argues that venue does not lie in this district.

Venue in an action to confirm an arbitration award may be established under the special venue provision of the FAA, or under the general venue statute of 28 U.S.C. § 1391. *Cortez Byrd Chips v. Bill Harbert Constr. Co.*, 529 U.S. 193, 197 (2000). The venue provision of the FAA provides that "[A]pplication [to confirm an arbitration award] may be made to the United States court in ... the district within which such award was made." 9 U.S.C. § 9; *see also General Elec. Co. v. Anson Stamping Co.*, 426 F. Supp. 2d 579 (W.D. Ky. 2006) (discussing *Cortez*, 529 U.S. at 199-201 ("the venue provisions of the FAA were intended to liberalize the options of the parties so that they could proceed either in the district in which the award was rendered ... [or] where the defendant resided in keeping with traditional venue rules.")) The Contractors Association filed their Complaint under the FAA, and contend that venue is proper in the Eastern District of Virginia because NJAB is located in Chantilly, Virginia. Local 25 argues that the FAA does not govern the venue analysis in this case because the Labor-Management Relations Act ("LMRA"), rather than the FAA, applies to this action.

2

The Court agrees with Local 25 that the LMRA governs the Contractors Association's claims here. *Merryman Excavation, Inc. v. Int'l Union of Operating Eng'rs., Local 150*, 639 F.3d 286, 290 (7th Cir. 2011) ("A failure to comply with a joint committee award is a breach of a federal labor contract subject to section 301 jurisdiction—not an FAA action."). Count I of the Contractors Association Complaint alleges that Local 25 has refused to implement the plain language of the NJAB Decision. The Complaint amounts to a claim that the union has violated the parties' CBA. Therefore, this action is subject to the LMRA, not the FAA.

The LMRA relies on the general venue statute to establish proper venue. *See* 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."). Under Section 1391(b), when jurisdiction for a civil action is not based solely on diversity of citizenship, venue may lie in one of three places: (1) "a judicial district where any defendant resides . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Furthermore, if a defendant is a corporation, it "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.*

A review of the record reveals that venue does not lie in this district. First, the Contractors Association has not established residency of the defendant in Virginia. Local 25's union charter confines the union's jurisdiction to Northern New Jersey, and the union maintains its offices in Carlstadt, New Jersey. New Jersey is the district where the defendant resides and

3

can be found. Second, the events giving rise to the claim occurred primarily in New Jersey, where the parties will implement the CBA. The negotiations and arbitration that resulted in the Award were held in New Jersey and Indianapolis, Indiana. Although NJAB is located in this district, that fact standing alone is not sufficient to satisfy venue.

## CONCLUSION

For the aforementioned reasons, it is hereby ORDERED that Plaintiff's' claims against the Defendants are DISMISSED WITHOUT PREJUDICE.

June 10, 2011
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge